UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIA MORENO GOMEZ,<br>A# 241-229-705,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-2195 DJC AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

I.    Factual Background

Petitioner, Tania Moreno Gomez, is a native and citizen of Mexico who has resided in the United States for over twenty years.  ECF No. 1 at 2; ECF No. 8 at 2.  On January 20, 2026, she was transferred from Clark County Detention Center, where she was being held pending criminal charges, to Immigration and Customs Enforcement ("ICE") custody.  See ECF No. 8 at 18.  She has no prior immigration history.  Id.

////

////

1

Petitioner has been in ICE custody since January 2026 without a bond hearing.  ECF No. 1 at 1. She is currently detained at California City Detention Facility.  ECF No. 13.[1]

II.    Procedural History

One March 20, 2026, petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  On March 24, 2026, the undersigned issued an order to show cause why the petition should not be granted.  ECF No. 6.  Respondents were given fourteen days to file a response, and directed to substantively address whether there are any factual or legal issues that materially distinguish this case from Perez v. Warden, 2:26-cv-0873 DJC AC, 2026 WL 788131 (E.D. Cal. March 20, 2026) and E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025), with respect to Count 1—violation of the Immigration and Nationality Act ("INA").  Id.  Petitioner was given seven days from the filing of respondents' response to file a reply, if any.  Id.

Respondents filed a motion to dismiss, seeking to dismiss all respondents other than petitioner's immediate custodian, ECF No. 7, and a response to the petition.  ECF No. 8. Petitioner did not file a reply.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges

---

[1] On June 18, 2026, during a routine check, the undersigned was unable to locate petitioner's using the ICE Online Detainee Locator System.  ECF No. 12.  As a result, the undersigned ordered respondents to file a status report regarding petitioner's custody status.  Id.  Although the ICE Online Detainee Locator System continues to show no results for petitioner, respondents assert that "[p]er Respondents records, Petitioner is currently detained at California City Detention Facility."  ECF No. 13.

2

to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV.    Discussion

A. Overview

The petition alleges petitioner's detention is unlawful under the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause and seeks relief in the form of a declaration that petitioner's detention is unlawful, an order for petitioner's immediate release from custody, an award of reasonable attorney's fees and costs, and any other relief deemed just and proper.  ECF No. 1 at 6-10.

In response to the petition and the court's order to show cause why the petition should not be granted, respondents concede they "do not have legal arguments to distinguish between this case and those identified by the Court."  ECF No. 8 at 1.  Nevertheless, respondents argue that: (1) "the Court should dismiss the habeas petition because Petitioner is an applicant for admission under the INA," "subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)"; (2) as an "applicant for admission," she "has only those rights regarding admission that Congress has provided by statute"; and (3) mandatory detention under 8 U.S.C. § 1225(b)(2)(A) is not indefinite and facially constitutionally.  Id. at 1-2, 5-8.  Alternatively, respondents argue that should the court disagree and find petitioner's is detained under 8 U.S.C. § 1226(a), the appropriate remedy is a bond hearing pursuant to § 1226(a) and it's implementing regulations.  Id. at 9.  Respondents also seek dismissal of all respondents other than petitioner's immediate custodian.  ECF No. 7.

B. Petitioner is *Not* Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)

Because respondents concede there are no factual or legal issue that materially distinguish this case from the court's prior orders in Perez and E.L.D.M., and because respondents' argument with respect to the INA claim—that petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225—was addressed and rejected in both Perez and

3

E.L.D.M., the undersigned adopts and incorporates by reference the reasoning in those cases. The undersigned also adopts and incorporates by reference the reasoning in several of her other cases dealing with the same statutory issue. Singh v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-1668 DJC AC, 2026 WL 1694641 (E.D. Cal. June 11, 2026); Ballen-Ramirez v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-2971 DAD AC, 2026 WL 1329861 (E.D. Cal. May 13, 2026); Sharma v. Warden of the Golden States Annex Det. Facility, No. 1:25-cv-1861 AC, 2026 WL 1162718 (E.D. Cal. Apr. 29, 2026); Sut Pol v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-1155 DJC AC, 2026 WL 981163 (E.D. Cal. Apr. 13, 2026).

In light of recent rulings by several federal appellate courts, the undersigned re-examined the statutory issue in Singh and Ballen-Ramirez. Singh, 2026 WL 1694641, at *3-4; Ballen-Ramirez, 2026 WL 1329861, at *4-6. In each, the undersigned discussed the Eleventh Circuit's decision in Hernandez-Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, __ F.4th __, 2026 WL 1243395 (11th Cir. May 6, 2026), which held, after examining the plain text of § 1225(b)(2)(A) and the supplemental definition chosen by Congress in the INA, that *only certain types* of "applicants for admission" (defined as a noncitizen present without admission or who arrives in the United States) fall within the scope of 8 U.S.C. § 1225(b)(2)). Singh, 2026 WL 1694641, at *3; Ballen-Ramirez, 2026 WL 1329861, at *5. The undersigned noted that the decision in Hernandez-Alvarez is consistent with the Second and Sixth Circuit's recent rulings, and Judge Lee's opinion in the Seventh Circuit, but inconsistent with the Fifth and Eighth Circuit's rulings. Singh, 2026 WL 1694641, at *3 (citing Lopez-Campos v. Raycraft, Nos. 25-1965/1969/1978/1982, __ F.4th __, 2026 WL 1283891, at *3-6 (6th Cir. May 11, 2026), Castañon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, __ F.4th __, 2026 WL 1223250, at *22 (7th Cir. May 5, 2026) (Lee, J.), Barbosa da Cunha v. Freden, No. 25-3141, __ F.4th __, 2026 WL 1146044, at *6-9 (2d Cir. Apr. 28, 2026), Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-08 (5th Cir. 2026), Avila v. Bondi, 170 F.4th 1128, 1138 (8th Cir. 2026)); Ballen-Ramirez, 2026 WL 1329861, at *5).

Finding Hernandez-Alvarez, Barbosa da Cunha, Lopez-Campos, and Judge Lee's opinion

4

in Castañon-Nava v. United States Department of Homeland Security to be well-reasoned, thorough, and persuasive, the undersigned found that

> (1) "applicant for admission" and 'seeking admission' in 8 U.S.C. § 1225(b)(2) are not synonymous and (2) to fall within the scope of § 1225(b)(2), the noncitizen must be an "applicant for admission" (i.e. a noncitizen arriving in the United States or present in the United States without having been granted lawful entry), who is seeking lawful entry into the United States after inspection and authorization, and not clearly beyond a double entitled to lawful entry.

Singh, 2026 WL 1694641, at *5; Ballen-Ramirez, 2026 WL 1329861 at *5.

Applying this construction, the undersigned found "that although petitioner[s] [are] 'applicants for admission' because [they are] present in the United States without having been granted lawful entry," they are "not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)" because at the time of their detention or re-detention they were "not 'seeking' lawful entry into the United States after inspection and authorization." Singh, 2026 WL 1694641, at *4; Ballen-Ramirez, 2026 WL 1329861 at *6. Similarly here, based on the record before the court, it appears petitioner entered the United States unlawfully and has resided in the United States for over two decades. She is, therefore, an "applicant for admission." However, she is *not* an "applicant for admission" *subject to mandatory detention under 8 U.S.C. § 1225(b)* because at the time she was transferred from local non-immigration custody to ICE custody, she was not "seeking" lawful entry into the United States after inspection and authorization.

For the reasons stated in this court's prior orders, including Singh and Ballen-Ramirez, the undersigned finds petitioner is not lawfully detained under 8 U.S.C. § 1225(b)(2).

C.  Petitioner's Due Process Rights Are *Not* Limited to Those Provided by Statute

Citing Department of Homeland Security v. Thuraissigiam, 591 U.S. 103, 129 (2020), respondents contend that petitioner's right to freedom is limited to that provided by Congress. ECF No. 8 at 1. The undersigned rejected this argument in Ballen-Ramirez.

In Ballen-Ramirez, the undersigned found respondents mischaracterized the holding in Thuraissigiam, which limits a noncitizen's due process rights in challenging their *admissibility*, not their *detention*. Ballen-Ramirez, 2026 WL 1329861, at *6. The undersigned further found Thuraissigiam "materially distinguishable because petitioner was permitted to pass through our

5

gates and is a person who has been living within the United States for years." Id. (collecting cases). The undersigned held that the petitioner was therefore entitled to due process under the Fifth Amendment. Id.

Because the petition in this case challenges petitioner's detention, not her admissibility, and because petitioner has been living in the United States for more than two decades, she may challenge her detention under the Fifth Amendment Due Process Clause. Nonetheless, because the undersigned finds petitioner is entitled to relief under the INA claim and both claims seek the same relief (i.e. petitioner's immediate release), in the interest of judicial economy, the undersigned declines to reach the merits of this claim.

> D. Constitutionality of Mandatory Detention Under 8 U.S.C. § 1225(b)(2) is Irrelevant

Because the undersigned rejects respondents' argument that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), see Section IV.B., respondents' argument regarding the facial constitutionality of § 1225(b)(2) is immaterial. Further discussion of the matter is therefore unnecessary.

> E. The Appropriate Remedy is Release

Respondents argue that the appropriate remedy in this case, to "place Petitioner on equal footing with every other non-citizen who is eligible for a bond hearing under 8 U.S.C. § 1226(a)," is a bond hearing. ECF No. 8 at 9. Respondents also argue that "a bond hearing before an IJ is the appropriate remedy for unreasonably prolonged detention." Id.

The undersigned rejects the former because providing petitioner with a bond hearing, five months after her detention, does not place her on equal footing as other noncitizens subject to detention under 8 U.S.C. § 1226(a). Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to bond determination and can appeal an adverse decision. See 8 C.F.R. § 1236.1(c)(8), (d).

The undersigned rejects the latter because the recommendation to release is not based on a prolonged detention claim. The undersigned is recommending release to put petitioner back to the position she was in prior to her unlawful detention. This court has regularly found that when ICE unlawfully detains a noncitizen under 8 U.S.C. § 1225(b)(2), does not assert an alternative

lawful basis for petitioner's detention, and does not afford petitioner a bond hearing under 8 U.S.C. § 1226(a)—as is the case here—release is the appropriate remedy to preserve the *status quo ante litem*.  Garcia-Castillo v. Noem, No. 1:26-cv-0058 DAD AC, 2026 WL 1088807, at *2 (E.D. Cal. Apr. 22, 2026) (collecting cases); Alvarez Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026); see also E.L.D.M., 2025 WL 3707140, at *6 (ordering petitioner's immediate release based on the likelihood of success on the merits of his INA claim).

The undersigned further notes that in cases like these, she has also recommended a permanent injunction against re-detention unless respondents comply with the requirements under 8 U.S.C. § 1226(a), the Constitution, and any other laws or treaties of the United States.   Singh, 2026 WL 1694641, at *5.  Respondents have not provided a persuasive argument for departing from these cases.

### F.   The Motion to Dismiss Should be Denied

Citing Rumsfeld v. Padilla, 542 U.S. 426, 430 (2004) and Doe v. Garland, 109 F.4h 1188 (9th Cir. 2024), respondents argue that the only proper respondent in this case is petitioner's custodian—the warden of his detention facility—and that all other respondents must be stricken. ECF No. 7 at 1-2.  The undersigned previously addressed a similar request in Sharma.  2026 WL 1162718, at *6.  For the reasons stated in Sharma, the undersigned recommends respondents motion to dismiss be denied.

### CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a. Respondents shall IMMEDIATELY RELEASE petitioner from custody; RETURN all of petitioner's documents and possessions upon his release from custody, and FILE a notice of compliance within three (3) days of any order adopting these findings and recommendations, confirming petitioner's release from custody and the return of his documents and possessions.

b.  Respondents are ENJOINED and RESTRAINED from attempting to re-detain petitioner unless they comply with the requirements under 8 U.S.C. § 1226(a), the Constitution, and any other laws or treaties of the United States.

2.  The order enjoining respondents state that the order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3.  Respondent's motion to dismiss (ECF No. 7) be DENIED.

4.  The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **three days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE